IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

DIANN TIPPINS and GENEVA HEARD, )
)
      Plaintiffs, )
)
  v. ) CASE NO. 3:13-CV-368-WKW
) [WO]
CITY OF DADEVILLE, ALABAMA, )
MAYOR MIKE INGRAM, in his )
capacity as Mayor of Dadeville, and )
SHARON HARRELSON, in her capacity )
as an agent of the City of Dadeville, )
)
      Defendants. )

## **MEMORANDUM OPINION AND ORDER**

On March 19, 2014, the court entered a Memorandum Opinion and Order dismissing all claims except Count I, which alleges racial discrimination based on the denial of a public accommodation in violation of 42 U.S.C. § 2000a. (Doc. # 18.) Before the court are Defendants' Motion to Reconsider and Second Motion to Dismiss. (Doc. # 21.) The second Motion to Dismiss is construed as a motion for judgment on the pleadings. *See* Fed. R. Civ. P. 12(c), (h)(2). Plaintiffs have responded to the motions. (Doc. # 24.) After careful consideration of the arguments of counsel, the appropriate law, and the allegations set forth in the Complaint, the court finds that the motion for judgment on the pleadings is due to

be granted and that the motion to reconsider is due to be denied as moot. Plaintiffs will be given leave to move to amend the Complaint.

## A.     Motion for Judgment on the Pleadings[1]

Count I, the sole remaining claim, arises under § 2000a. In Count I, Plaintiffs assert that Defendants subjected them to racial discrimination by refusing to allow them to purchase a cemetery plot on the "white side" in the City of Dadeville's cemetery.

Section 2000a(a) provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin." Section 2000a(b) sets forth a comprehensive list of those establishments that qualify as "place[s] of public accommodation."

Defendants hone in on § 2000a(b)'s comprehensive list, pointing out that the list does not include cemeteries. (Doc. # 21, at 3–4.) They also rely upon *Muhammad v. Bethel-Muhammad*, No. 11-0690-WS-B, 2013 WL 5531397 (S.D. Ala. Oct. 7, 2013), a § 2000a action in which the plaintiff alleged that he had been denied access to a county courthouse. The *Muhammad* court found that a county

---

[1] Judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is proper "when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. All facts alleged in the complaint must be accepted as true and viewed in the light most favorable to the nonmoving party." *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005) (internal citation omitted).

courthouse is not a place of "public accommodation," as defined by the statute. *Id.* at *5. The court reasoned:

> Only the following sorts of establishments are defined as public accommodations for purposes of Section 2000a: (1) those that "provid[e] lodging"; (2) those that are "principally engaged in selling food for consumption on the premises"; (3) those that are "place[s] of exhibition or entertainment"; and (4) those that are physically connected to such establishments and that hold themselves out as serving patrons of such establishments. § 2000a(b). Courthouses are not mentioned in the statute, nor do they fall anywhere near the categories that are listed. In short, "courts are not within the purview of § 2000a." *Olague v. County of Sacramento*, 2012 WL 3638320 at *6 (E.D. Cal. 2012). Because the Dallas County Courthouse is a not a "place of public accommodation" under Section 2000a, the plaintiff has no claim under that provision.

*Id.* Defendants contend that similar to the county courthouse's plight *vis-a-vis* § 2000a, there is no statutory or case-law authority indicating that a cemetery falls within the purview of a "place of public accommodation" under § 2000a. In support of their contrary position, Plaintiffs rely on § 2000a(b)(1), arguing that a cemetery provides "permanent lodging for dead residents of Dadeville." (Doc. # 24, at 1 (emphasis omitted).) Although Plaintiffs' argument is creative, it raises metaphysical issues outside the jurisdiction of this court, and it is not persuasive.

Section 2000a(b)(1) provides that a "place of public accommodation" includes "any inn, hotel, motel, or other establishment which provides lodging to transient guests, other than an establishment located within a building which contains not more than five rooms for rent or hire and which is actually occupied

3

by the proprietor of such establishment as his residence." A cemetery is not included in that definition, and no party has cited a decision, and none could be found, addressing whether a city cemetery is a place of public accommodation under § 2000a(b)(1). However, the Fourth Circuit has provided some helpful guidance for the statute's construction. *See Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427 (4th Cir. 2006). It reasoned that because § 2000a(b) "sets forth a comprehensive list of establishments that qualify as a 'place of public accommodation,'" it "excludes from its coverage those categories of establishments not listed." *Id.* at 431.

In *Denny*, the Fourth Circuit rejected the plaintiffs' argument that a beauty salon was a covered place of entertainment under § 2000a(b)(3). Relying on the "plain text of the statute," the court explained that beauty salons "are not mentioned in any of the numerous definitions of 'place of public accommodation.'" *Id.* (quoting § 2000a(b)(3)). "They also bear little relation to those places of entertainment that are specifically listed, which strongly suggests that a salon would not fall within the catchall language 'other place of exhibition or entertainment.'" *Id.* (quoting § 2000a(b)(3)). It explained further,

> Title II approached the question of what is an establishment not through a generic definition, but through a series of extended lists. Indeed, § 2000a(b) lists no fewer than fourteen examples of establishments, and subsection (b)(3) lists no fewer than five different places of entertainment. Barber shops and beauty salons are sufficiently common and pervasive that we cannot casually attribute

4

their omission to mere oversight. Indeed, it would have been easy enough for Congress to have included them.

*Id.* at 433–34.

The same reasoning holds true for cemeteries. Cemeteries are not included in any of the categories of establishments listed in § 2000a(b), but it would have been simple enough for Congress to have added "cemetery" as a category warranting treatment as a place of public accommodation. Cemeteries also bear little relation to the places specifically mentioned in § 2000a(b)(1), namely, a hotel, motel, or inn, strongly indicating that a cemetery would not fall within the catchall category of establishments that "provide[ ] lodging to transient guests."

Moreover, there is a rule of statutory construction that words in common use are to be given their "generally accepted meaning." *Daniel v. Paul*, 395 U.S. 298, 308 (1960) (observing that § 2000a(b)'s "language 'place of entertainment' should be given full effect according to its generally accepted meaning"); *see also Denny*, 456 F.3d at 431 (citing *Daniel* for its rule of statutory construction). Lodging means "a place to live," a "temporary place to stay," or "a room or rooms in the house of another used as a place of residence." Webster's Third New International Dictionary 1329 (2002 ed.). A transient guest is a "boarder" to whom "motels cater chiefly." Webster's Third New International Dictionary 2428 (2002 ed.); *see also* The American Heritage Dictionary 1833 (4th ed. 2006) (defining "transient" to include "one [who] is transient, especially a hotel guest or boarder who stays for

only a brief time"). Under the generally accepted meaning, lodging connotes temporary quarters for the living and "does not fairly approximate," or even come close to approximating, a cemetery for the burial of the dead. *Denny*, 456 F.3d at 432. And a transient guest denotes a live person who actually can check out of his or her temporary quarters after having checked in. "Checking into" a cemetery is a perniciously permanent placement; there is nothing transient about it. The foregoing leads only to one conclusion – that a cemetery is not "a place of public accommodation" within the meaning of § 2000a(b).

The authority cited by Plaintiffs does not warrant a contrary result. Plaintiffs cite *Spencer v. Flint Memorial Park Association*, 144 N.W. 2d 622 (Mich. App. 1966). *Spencer* did not address a § 2000a claim, and thus, it is not persuasive authority as to whether a cemetery qualifies as a place of public accommodation under § 2000a. Plaintiffs also cite *Terry v. Elmwood Cemetery*, 307 F. Supp. 369 (N.D. Ala. 1969), for its finding that 42 U.S.C. § 1982 requires that African-Americans and other non-Caucasians "be extended the same rights to purchase cemetery lots as whites are given." *Id.* at 371. However, Plaintiffs have not alleged a § 1982 claim, and thus, *Terry* also is not persuasive with respect to the § 2000a claim at issue here.

For these reasons, Defendants' motion for judgment on the pleadings as to Count I is due to be granted. Plaintiffs will be permitted, however, to move to

amend their Complaint to replead if they believe that there is a federal cause of action that would support a viable claim based on the facts alleged.  The motion must set forth the substance of the proposed amendment, and a copy of the proposed amended complaint must be attached to the motion.  *See* M.D. Ala. LR 15.1 (Dec. 1, 2010).  Leave to amend will be "freely give[n]" to Plaintiffs if "justice so requires." Fed. R. Civ. P. 15(a)(2).

B.     **Motion to Reconsider**

Because Count I is due to be dismissed for failure to allege a cognizable claim, it is unnecessary to address the parties' arguments as to the official-capacity claims against the individual defendants, Mayor Ingram and Ms. Harrelson.  Accordingly, Defendants' motion to reconsider is due to be denied as moot.

C.     **Conclusion**

Based on the foregoing, it is ORDERED that Defendants' motion for judgment on the pleadings (Doc. # 21) on Count I is GRANTED and that Defendants' motion to reconsider is DENIED as moot.

It is further ORDERED that Plaintiffs have until **June 4, 2014**, to move to amend the Complaint; otherwise final judgment will be entered in favor of Defendants.

DONE this 28th day of May, 2014.

                                           /s/ W. Keith Watkins
                             CHIEF UNITED STATES DISTRICT JUDGE